

James McBride, Bit Allen, and appellant. They were later carried to Houston and sold. It was appellant's version that one Josh Davis sold the hogs to Bit Allen; that he (appellant) helped pen the hogs without knowledge that they had been stolen.

The evidence is deemed sufficient to support the conviction.

■ Appellant filed an application for a continuance based upon the absence of Bit Allen. In qualifying the bill of exception relating to the continuance the trial court uses language as follows: "Because the said Bit Allen, who was defendant's co-principal, was tried at a former term of this court and was convicted of the same offense, and was serving his sentence at the time of this trial, and by reason of such conviction, he was prohibited, under Article 711 of the Code of Criminal Procedure, from testifying in the behalf of this defendant. Since the said Bit Allen had been convicted as a co-principal, the court could not and would not have permitted the said Bit Allen to have testified in the behalf of this defendant had he been present."

As qualified, the bill fails to reflect error.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Ivan Irwin, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for murder without malice, punishment being confinement for five years in the penitentiary.

The indictment properly charges the offense. The record is before this court without bills of exception or statement of facts, in which condition nothing is presented for review.

The judgment is affirmed.

### Ex parte PRUITT.

#### No. 20901.

Court of Criminal Appeals of Texas.

April 24, 1940.

Rehearing Denied June 12, 1940.